IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

THE ALLEE CORPORATION, et al., §
§
Plaintiffs, §
§ Civil Action No. 3:15-CV-0744-D
VS. §
§
THE REYNOLDS AND REYNOLDS §
COMPANY, §
§
Defendant. §

MEMORANDUM OPINION
AND ORDER

In this removed action, plaintiffs move to remand, and defendant moves to compel arbitration. For the reasons explained, the court denies the motion to remand, grants the motion to compel arbitration, and dismisses this action with prejudice.

I

This is a suit by plaintiffs The Allee Corporation d/b/a Rusty Wallis Honda and Jim Allee Imports, Inc. d/b/a Rusty Wallis Volkswagen (collectively, the "Allee Companies"), two car dealerships, against defendant The Reynolds and Reynolds Company ("Reynolds"), a company that provides professional services that support car dealers' retail operations. The lawsuit arises from Reynolds' deletion of electronic business records of the Allee Companies that Reynolds had contractually agreed to store, manage, and maintain.

In their state court petition, the Allee Companies allege that they are entitled to recover from Reynolds on three claims. Their first cause of action—the one that is dispositive in determining whether Reynolds has satisfied the amount in controversy

threshold pertinent to the motion to remand—is for a declaratory judgment. The Allee Companies allege that their agreement with Reynolds—which is scheduled to end on August 9, 2018—has been terminated due to Reynolds' negligence and/or failure to perform its services in a good and workmanlike manner, and that the Allee Companies are excused from any further performance under the agreement. The Allee Companies also request attorney's fees and costs.

The Allee Companies' second cause of action is for negligence.[1] They allege that Reynolds breached its duty of care by deleting the Allee Companies' files, and that the actions and conduct of Reynolds constitute negligence. They seek unspecified damages.

The Allee Companies' third cause of action is for breach of their agreement with Reynolds.[2] They sue for unspecified damages and reasonable and necessary attorney's fees.

Reynolds removed the case to this court based on diversity of citizenship, after which it filed a motion to compel arbitration based on a contractual arbitration clause. The Allee Companies then filed the instant motion to remand, contending that Reynolds' notice of removal is procedurally defective because some required attachments are missing or incomplete, and that Reynolds has failed to prove that the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

---

[1]This cause of action appears to be pleaded in the alternative to their declaratory judgment claim. *See* Pet. ¶ 11.

[2]This claim is clearly pleaded in the alternative. *See id*. ¶ 12.

II

The court turns first to the Allee Companies' motion to remand.

A

The Allee Companies maintain that Reynolds' notice of removal is procedurally defective because it does not contain all pages of the Allee Companies' state court original petition; it does not attach a file-stamped copy of Reynolds' original answer (it only attaches a purported copy); and it does not attach a copy of the state court docket sheet. It is settled, however, that "[a] defendant's failure to attach certain state court pleadings to its notice of removal does not affect the court's jurisdiction; any such missing documents can be later supplied to cure procedural defects existing at the time of removal." *Geske v. Wells Fargo Bank, N.A.*, 2012 WL 1231835 at *5 (N.D. Tex. Apr. 12, 2012) (Lindsay, J.). The same is true for defective attachments. *See Countryman v. Farmers Ins. Exch.*, 639 F.3d 1270, 1272 (10th Cir. 2011) ("The majority view is that a removing party's failure to attach[] the required state court papers to a notice of removal is a mere procedural defect that is curable.") (collecting cases). Accordingly, to the extent that Reynolds' notice of removal is defective in the respects that the Allee Companies have identified, they have failed to demonstrate that the case should be remanded based on alleged procedural defects that Reynolds can cure by supplementing the notice of removal.

B

1

The Allee Companies next contend that Reynolds has failed to meet its burden of proving that the amount in controversy exceeds the sum or value of $75,000. They maintain that the necessary evidence must either be stated clearly on the face of the documents before the court or readily deducible from them; the notice of removal makes the conclusory statement that the amount in controversy exceeds $1.7 million; the Allee Companies' state court petition seeks only unspecified damages; no party asserts claims for $1.7 million or for any other amount that exceeds $75,000, exclusive of interest and costs; historically, the amount in controversy identified in the plaintiff's petition controls; where the plaintiff fails to specify damages, the defendant must prove the amount in controversy by a preponderance of the evidence; conclusory allegations do not meet the removing party's burden; the court may consider summary-judgment-type evidence to determine the amount in controversy at the time of removal; Reynolds has not asserted a counterclaim for any amount, has not presented any evidence that the Allee Companies pleaded an amount in controversy that exceeds $75,000, exclusive of interest and costs, and has only submitted conclusory allegations regarding the amount in controversy; the Allee Companies are suing for declaratory judgment and unspecified damages due to Reynolds' alleged breach of contract and negligence; and Reynolds has not met its burden of proving the requisite amount of damages for removal jurisdiction.

2

The court concludes that Reynolds has met its burden of establishing that the court has diversity jurisdiction based on the amount in controversy.

"If the plaintiff's complaint, filed in state court, demands monetary relief of a stated sum, that sum, if asserted in good faith, is 'deemed to be the amount in controversy.'" *Dart Cherokee Basin Operating Co. v. Owens*, ___ U.S. ___, 135 S.Ct. 547, 551 (2014).  But "[w]hen the plaintiff's complaint does not state the amount in controversy, the defendant's notice of removal may do so."  *Id.* (citing 28 U.S.C. § 1446(c)(2)(A)).  Here, the Allee Companies' state court petition did not demand monetary relief in a stated sum.  Reynolds was therefore only obligated in its notice of removal to make "a plausible allegation that the amount in controversy exceed[ed] the jurisdictional threshold."  *Id.* at 554.  No evidence was required unless and until the Allee Companies contested, or the court questioned, the allegation.  *See id.* at 551, 554.

Reynolds made the necessary plausible allegation in its notice of removal that the amount in controversy exceeds the jurisdictional threshold.  It pointed out that one of the Allee Companies' claims is for "a declaratory judgment that the agreement between the parties is terminated and that the Allee Companies are excused from any further performance under their agreement with Reynolds," Notice of Removal at [3] (quoting Original Pet. at 3), and it cited authority for the proposition that the amount in controversy in a declaratory judgment action is the value of the right to be protected or the extent of the injury to be prevented.  Reynolds also asserted that, if a plaintiff seeks a declaration regarding liability,

the potential liability is the amount in controversy; the parties' contract calls for Reynolds to license and support computer software and hardware to the Allee Companies' automobile dealerships and for the Allee Companies to make flat-rate monthly payments to Reynolds for a fixed term of months; and the remaining liability on the contract from which the Allee Companies seek to be excused exceeds $1.7 million.

Once the Allee Companies contested the allegation, Reynolds was obligated to prove by a preponderance of the evidence that the jurisdictional amount was satisfied. *See Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 398 n.8 (5th Cir. 2013) (stating that "[i]f the defendant seeks to remove on the basis of an initial pleading where the jurisdictional amount is not established, the removing defendant must demonstrate by a preponderance of the evidence that the jurisdictional amount is satisfied," (citing *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1409 (5th Cir. 1995)), and noting that "[i]n so determining, the court can rely on 'summary judgment-type' evidence to ascertain the amount in controversy" (quoting *St. Paul Reins. Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998))).  Reynolds has introduced the declaration of its Vice President of Accounting, who avers that, under the authorization letters and related contract documents between the Allee Companies and Reynolds, the Allee Companies are obligated in exchange for the services that Reynolds performs to make flat-rate monthly payments for a fixed term that does not expire until September 2018; that the total value of the remaining liability on the contracts is calculated by multiplying the flat-rate monthly charge for each individual hardware device and software application by the number of months remaining in the contract term for that device or application; and that the total

value of the remaining liability under the contract is $1,740,002.64.

In their reply, the Allee Companies contend that Reynolds' evidence is too little too late. They maintain that Reynolds is relying on a "bare-bones" declaration of an employee that was filed well over 30 days after the notice of removal was filed. And they contend that Reynolds cannot cure a substantive defect through untimely and inadequate proof. The court disagrees.

Because the Allee Companies' state court petition did not state the amount in controversy, Reynolds was permitted to show that the amount exceeded the jurisdictional threshold. Reynolds was only required in its notice of removal to make a plausible allegation regarding the amount in controversy. If the Allee Companies contested the plausible allegation or the court questioned it (here, the Allee Companies contested the allegation) Reynolds was *then* entitled—i.e., after the notice of removal was filed—to offer summary judgment-type evidence to meet its burden of proof. Because Reynolds was not required to present any evidence at the time it filed its notice of removal, *see Dart Cherokee Basin*, 135 S.Ct. at 551 (stating that notice of removal "need not contain evidentiary submissions"), its attempt to meet its burden of proof is not "too late."

Nor is Reynolds' evidence "too little." Although the declaration is not overly detailed, it is not conclusory, as the Allee Companies contend. The declaration is from a witness who would normally be considered competent to testify on the matter, and it contains both a factual foundation and a logical explanation of how the total value of the remaining liability under the contracts was calculated. And considering that the Allee Companies have

offered no proof to counter Reynolds' evidence, the court holds that Reynolds has met its burden of demonstrating by a preponderance of the evidence that the minimum jurisdictional amount has been satisfied.  Accordingly, the court holds that Reynolds has met its burden of proving by a preponderance of the evidence that the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

The Allee Companies' motion to remand is denied.

III

The court now turns to Reynolds' motion to compel arbitration.

A

Section 2 of the Federal Arbitration Act ("FAA") provides that written agreements to arbitrate controversies arising out of an existing contract "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2.  When considering a motion to compel arbitration, the court engages in a two-step process.

First, the court determines "whether the parties agreed to arbitrate the dispute." *Webb v. Investacorp, Inc.*, 89 F.3d 252, 258 (5th Cir. 1996) (per curiam).  "This determination involves two considerations: (1) whether there is a valid agreement to arbitrate between the parties; and (2) whether the dispute in question falls within the scope of that arbitration agreement." *Id.*  Second, the court determines "'whether legal constraints external to the parties' agreement foreclose[] the arbitration of those claims.'" *Id.* (quoting *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 628 (1985)).  "If there is a

valid agreement to arbitrate, and there are no legal constraints that foreclose arbitration, the court must order the parties to arbitrate their dispute." *Celaya v. Am. Pinnacle Mgmt. Servs., LLC*, 2013 WL 4603165, at *2 (N.D. Tex. Aug. 29, 2013) (Fitzwater, C.J.).  The FAA "leaves no place for the exercise of discretion by a district court, but instead mandates that district courts *shall* direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985) (citing 9 U.S.C. §§ 3-4).

Reynolds maintains that it has met its burden under the FAA of establishing that there is a valid agreement to arbitrate, and that the parties' dispute falls within the scope of that agreement.  It contends that there are no external constraints on arbitration at issue in this case, and that the Allee Companies neither allege any statutory violations nor invoke any fundamental policy concerns that would preclude arbitration.

The Allee Companies oppose Reynolds' motion to compel arbitration.  Apart from continuing to rely on their motion to remand, they appear to oppose the motion on the following three grounds.

First, the Allee Companies contend that it appears there can be only one basis on which Reynolds can rely to compel arbitration—the dispute must be directly or indirectly related to an "order" (also referred to as an "exhibit"); the parties' dispute, as reflected in the Allee Companies' state court petition, is that Reynolds purged electronically-stored files that the Allee Companies had not designated for purging, causing them to suffer losses due to the loss of their files/data; there is no "exhibit" or "order" requesting that the files or data be

purged or deleted, and the Allee Companies are not complaining about any orders, i.e., "exhibits," but are complaining that Reynolds purged and deleted information that it was not supposed to purge and delete; therefore, the parties' dispute does not relate, directly or indirectly, to any "order" or "exhibit" placed by the Allee Companies to Reynolds, it concerns the unilateral action of Reynolds in purging and deleting files, and it is not within the scope of a contractual arbitration clause.

Second, the Allee Companies maintain that, to meet its burden of proving that the case was removable, Reynolds asserted that the amount in controversy exceeded $1.7 million; this amount is what Reynolds asserts the Allee Companies owe Reynolds; but the "dispute" on which Reynolds bases its jurisdictional threshold amount for removal purposes is one that involves the Allee Companies' failure to pay amounts due to Reynolds, and this dispute is undisputedly carved out as an exception from arbitration.

Third, the Allee Companies maintain that Reynolds states in its motion to compel arbitration that the contracts at issue consist of a series of integrated documents; the documents that allegedly comprise the "contract" are inconsistent, contradictory, and cannot easily be understood or comprehended, and, in some instances, defy the common understanding of the English language; the issues of substantive and procedural unconscionability are raised; and these arguments are sufficient to warrant denying Reynolds' motion to compel arbitration.

Because the Allee Companies' opposition arguments pertain to whether the dispute in question falls within the scope of the arbitration agreement, and whether legal constraints

external to the parties' agreement foreclose arbitration, the court will address these factors.

B

In deciding whether the dispute in question falls within the scope of an arbitration agreement, the court applies federal law. *See, e.g., Graves v. BP Am., Inc.*, 568 F.3d 221, 222-23 (5th Cir. 2009). Under federal law, the court "resolve[s] doubts concerning the scope of coverage of an arbitration clause in a contract in favor of arbitration." *Neal v. Hardee's Food Sys., Inc.*, 918 F.2d 34, 37 (5th Cir. 1990). Thus the party seeking to compel arbitration need only show that the arbitration clause can plausibly be read to cover the dispute in issue. *See id*.

The court holds that Reynolds has established that the arbitration clause on which it relies can be plausibly read to cover the Allee Companies' claims for declaratory judgment, negligence, and breach of contract. Under the parties' Master Agreement, they agreed that "[d]isputes will be resolved as provided in the Customer Guide." D. Mot. to Compel Arbitration Ex. 1 at 4.[3] The Customer Guide contains an arbitration provision that states, in pertinent part:

---

[3]The court is citing this document in this manner because Reynolds did not file an appendix, as N.D. Tex. Civ. R. 7.1(i)(1) requires. Rule 7.1(i)(1) provides that "[a] party who relies on materials—including depositions, documents, electronically stored information, affidavits, declarations, stipulations, admissions, interrogatory answers, or other materials—to support or oppose a motion must include the materials in an appendix." Although Reynolds sequentially numbered the pages of Exhibits 1 and 2, thus complying with the spirit (if not the letter) of Rule 7.1(i)(4), it did not do so for Exhibits 3 and 4, confirming that it did not file the required appendix.

> Disputes.  Any disputes between us related directly or indirectly
> to an Order will be settled by binding arbitration (except for
> disputes involving your failure to pay amounts due to us or
> violation of any proprietary rights of Other Providers or us)
> under the American Arbitration Association Rules except as
> specifically stated herein.   It does not matter whether the
> controversy is based on contract, tort, strict liability, or other
> legal theory.

*Id.* at 17 (bold font omitted).  The term "Order" is defined to mean "the Master Agreement

and/or an Exhibit that has been accepted by us."  *Id.* at 6.  The term "Exhibit" is defined to

mean "any Reynolds exhibit specifying Items and/or Services.  The Exhibit becomes part of

an Order when it has been signed by us."  *Id.* at 5.

Because the arbitration provision contains "any disputes" language, it is a broad

arbitration clause.  *See In re Complaint of Hornbeck Offshore (1984) Corp.*, 981 F.2d 752,

755 (5th Cir. 1993) ("We have held that arbitration clauses containing the 'any dispute'

language, such as the one presently before us, are of the broad type.").   Moreover, the

arbitration clause is considered to be "broad" because it covers any disputes that are "related"

directly or indirectly to an Order.

> In *Prima Paint Corp. v. Flood & Conklin Manufacturing Co.*,
> the Supreme Court labeled as "broad" a clause requiring
> arbitration of any controversy or claim *arising out of or relating
> to* this Agreement.   An arbitration clause that states that it
> governs all disputes "related to" the agreement is interpreted as
> a broad provision encompassing almost all disputes arising
> between the parties to the contract.

*Sharifi v. AAMCO Transmissions, Inc.*, 2007 WL 1944371, at *3 (N.D. Tex. June 28, 2007)

(Fitzwater, J.) (citations and some internal quotation marks omitted).  This court held in

*Sharifi* that "there [was] no question that [an] arbitration clause in the Franchise Agreement"

that provided, in relevant part, that "[a]ll disputes, controversies or claims arising out of or

relating to this Agreement shall be settled by binding arbitration" was a broad arbitration

clause. *Id.* Broad arbitration clauses "'are not limited to claims that literally arise under the

contract, but rather embrace all disputes having a significant relationship to the contract

regardless of the label attached to the dispute.'" *Id.* at *3 (quoting *Pennzoil Exploration &*

*Prod. Co. v. Ramco Energy Ltd.*, 139 F.3d 1061, 1067 (5th Cir. 1998)).

Reynolds has demonstrated that the Allee Companies' claims for declaratory

judgment, negligence, and breach of contract are part of a dispute that relates at least

indirectly to an "Order," as that term is defined. In their state court petition, the Allee

Companies allege:

> In early 2004, the Allee Companies entered into an agreement
> with Reynolds. In consideration of various fees, Reynolds
> agreed to provide services to the Allee Companies to
> electronically store, manage and maintain the majority of the
> Allee Companies' business records. As modified, the agreement
> between the parties was scheduled to terminate on August 9,
> 2018.

Pet. ¶ 6. The next paragraph of the petition supports the conclusion that Reynolds' request

for approval to purge files was made in connection with providing these services. *Id.* at ¶ 7.

And, tellingly, the petition asserts that Reynolds' conduct breached the parties' agreement.

*Id.* at ¶ 9. As Reynolds points out, the Allee Companies are complaining about services that

Reynolds provided pursuant to Exhibits, and under the license agreement and general terms

and conditions in the Master Agreement.

- 13 -

The Allee Companies offer two counter arguments, neither of which is persuasive. First, they contend that when Reynolds purged the files, it was not acting on the basis of an "exhibit" or "order" from the Allee Companies, but was engaging in unilateral action, which falls outside the scope of the contractual arbitration clause. This contention lacks force. Under the broad arbitration clause, it is only necessary that the parties' dispute relate directly or indirectly to an "Order" (which is defined to include the Master Agreement itself), not that Reynolds was performing a specific "order" when it purged the files, and that the dispute relate to that particular order.

Second, the Allee Companies maintain that Reynolds' assertion that the amount in controversy is around $1.7 million demonstrates that this dispute is explicitly carved out of the arbitration clause by a provision that excludes disputes involving failures to pay amounts due under the parties' agreement. The court disagrees. The Allee Companies are relying on an exception included in the arbitration clause "for disputes involving your failure to pay amounts due to us or violation of any proprietary rights of Other Providers or us." D. Mot. to Compel Arbitration Ex. 1 at 17. But none of the Allee Companies' three claims presents a dispute involving the Allee Companies' failure to pay. Instead, the Allee Companies are taking a methodology by which Reynolds attempted for purposes of removal jurisdiction to measure the amount in controversy—in a declaratory judgment action, the value of the right to be protected or the extent of the injury to be prevented—and are attempting to apply that

methodology outside its intended and apposite context.[4]

Finally, it bears emphasizing that, even if the court assumes *arguendo* that the Allee Companies' arguments cast some doubt on Reynolds' view of the scope of the arbitration provision,

> [w]hen the scope of an arbitration clause is reasonably in doubt, it should be construed in favor of arbitration. Arbitration should not be denied unless it can be said with positive assurance that an arbitration clause is not susceptible of an interpretation which would cover the dispute at issue. This strong presumption in favor of arbitration applies with even greater force when the parties include a broad arbitration clause.

*Sharifi*, 2007 WL 1944371, at *2 (citations and internal quotation marks omitted).

C

The other ground on which the Allee Companies rely to oppose arbitration is the contention that the documents that allegedly comprise the "contract" are inconsistent, contradictory, and cannot easily be understood or comprehended, and, in some instances, defy the common understanding of the English language, thus raising issues of substantive and procedural unconscionability.

In deciding whether legal constraints external to the parties' agreement foreclose the arbitration of those claims, the court applies the contract law of the particular state that governs the agreement. *Celaya*, 2013 WL 4603165, at *2 (citing *Iberia Credit Bureau, Inc.*

---

[4]Reynolds has also cited several district court opinions that construe this exception to apply narrowly to collection actions brought by Reynolds. *See* D. Mot. to Compel Arbitration Reply Br. 7 & Exs.

*v. Cingular Wireless LLC*, 379 F.3d 159, 166 (5th Cir. 2004)).   Under Ohio law, which

governs the parties' contractual relationship,

> [t]he defense that a contract or contract provision is
> unenforceable on the ground that it is unconscionable is
> premised on a finding that a party did not have any meaningful
> choice when entering into the contract or the contract terms are
> unreasonably favorable to one party.   The party asserting
> unconscionability of a contract bears the burden of proving that
> the agreement is both procedurally and substantively
> unconscionable.   Substantive unconscionability is found when
> the terms are unfair and commercially unreasonable.   Procedural
> unconscionability is found when the circumstances surrounding
> the execution of the contract demonstrate that there was no
> voluntary meeting of the minds.

*Wells Fargo Bank, N.A. v. Lee*, 20 N.E.3d 1236, 1248 (Ohio Ct. App. 2014) (citations and

internal quotation marks omitted).

   This is the Allee Companies' unconscionability argument in its entirety:

> In its Motion to Compel Arbitration, Defendant states that "[t]he
> contracts [at issue in this action] consist of a series of integrated
> documents."   The documents which allegedly comprise the
> "contract" are inconsistent, contradictory, and cannot easily be
> understood or comprehended and in some instances, defy the
> common understanding of the English language.   Thus the
> issues of substantive and procedural uncons[c]ionability are
> raised.   It is submitted that the foregoing arguments are
> sufficient to warrant a denial of Defendant's Motion to Compel
> Arbitration.   If the Court desires further briefing or response
> regarding the issues of substantive and procedural
> uncons[c]ionability, the Plaintiffs will provide the same to the
> Court.

Ps. Resp. Mot. to Compel Arbitration 5 (first and second bracketed material in original).   The

Allee   Companies   have   not   met   their   burden   of   demonstrating   substantive

unconscionability—that the terms of the parties' agreements are unfair and commercially unreasonable—or procedural unconscionability—that the circumstances surrounding the execution of the contract demonstrate that there was no voluntary meeting of the minds. And their offer to provide additional briefing or response is insufficient. In opposing the motion to compel arbitration, they have the burden of proving both procedural and substantive unconscionability, not merely offering to do so if the court so desires.

D

Because all of the Allee Companies' claims are subject to mandatory arbitration, the court dismisses this action with prejudice. *See Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1164 (5th Cir. 1992) (holding that district court acted within its discretion when it dismissed case with prejudice after determining that all of plaintiff's claims were subject to arbitration); *SR Int'l Bus. Ins. Co. v. Energy Future Holdings Corp.*, 539 F.Supp.2d 871, 878 (N.D. Tex. 2008) (Lindsay, J.) (citing *Alford*, 975 F.2d at 1164) (after determining that all of the issues raised by the parties must be submitted to binding arbitration, and finding no other reason to retain jurisdiction, dismissing action with prejudice).

\*   \*   \*

For the reasons explained, plaintiffs' motion to remand is denied, defendant's motion to compel arbitration is granted, and this lawsuit is dismissed with prejudice by judgment filed today.

**SO ORDERED**.

April 28, 2015.

SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE